## WILLIAM F. HARRELSON V. STATE

No. 27,234. December 15, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) February 9, 1955

*Burks & Brown,* by *Burton S. Burks* and *Clifford W. Brown,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for driving an automobile upon a public highway while intoxicated, and his punishment was assessed at 45 days in jail and a fine of $50.

It is undisputed that appellant was driving an automobile upon a public highway at the time and place as alleged, and the sole disputed issue of fact for determination by the jury was whether appellant was intoxicated at the time.

State Highway Patrolmen Touchstone and McKnight testified that they smelled alcohol on appellant, observed him walk and talk and, in their opinion, he was intoxicated. Further, Officer Touchstone expressed the opinion that appellant's actions and conduct at the scene of the collision were caused by intoxication and that such actions and conduct were not due to the reoccurrence of a previous brain injury caused by a blow received in the collision as contended by appellant. Upon appellant's request for a blood test, he was taken to a hospital where a blood specimen was taken from him and mailed to the Texas Department of Public Safety at Austin.

The chemist and toxicologist for the department testified that he made an analysis of the blood specimen and that it contained 3.5 milligrams of alcohol per c.c. of blood. He expressed the opinion that a person whose blood contained 1.5 milligrams of alcohol per c.c. would be intoxicated, and further expressed his opinion that the person providing the blood specimen in question was intoxicated at the time it was taken.

Appellant, while testifying in his own behalf, denied that he was intoxicated and stated that he had not had anything to drink since 2 a.m. the morning before the collision in the afternoon. He further stated that he served overseas in the Army and while in a prison camp received an injury to his head and, after his discharge, received a skull fracture in an automobile wreck; that he was suffering from a nervous disorder; and that when he became excited he would become weak and unstable. He further testified that his appearance and actions after the collision were caused by the conditions just stated and were not due to intoxication.

The jury resolved the disputed issue of intoxication against appellant and we find the evidence sufficient to support its verdict.

Several bills of exception relate to questions propounded to appellant in his cross-examination over the objection that same were not material to any issue in the case, and not a proper method of showing proof.

The fact that immaterial testimony is admitted will not call for reversal, no injury to appellant being claimed. Appellant was asked if he was an ex-member or member of Alcoholics Anonymous, and replied "I have been to Alcoholics Anonymous."

The objection addressed to "all of this" was made after these questions had been answered and was that it was not a proper inquiry. The appellant having put his physical condition into evidence and claimed that it was the result of an injury received in a prison camp, we think it was proper for the state to prove that such condition was the result of self indulgence. Reversible error is not shown by these bills.

Appellant complains of the refusal of the trial court to instruct the jury not to consider the following question, to-wit, "Mr. Harrelson, isn't it a fact that you are a menace to the public highway and driving public in the condition that you have gotten yourself into?" which was propounded to appellant on cross-examination and his objection thereto was, by the court, sustained and no answer was given.

In view of the fact that the court promptly sustained the objection, the witness not having answered the question, and no further reference being made thereto, no reversible error is shown.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.